

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,883-01

**EX PARTE JUAN JOSE RAMIREZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12225-A IN THE 63RD DISTRICT COURT
### FROM VAL VERDE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his guilty plea was not knowingly and voluntarily entered. Applicant alleges that he was intoxicated and was unaware of the offense being committed by his co-defendants. Applicant alleges that he did not participate in the planning or execution of, or the flight from, the offense. However, despite Applicant's desire to have a trial on the charges, Applicant alleges that his trial counsel told him that he would be convicted and would probably receive a 40-

year sentence if he went to trial. Applicant alleges that he was offered a fifteen-year sentence in exchange for a plea of guilty, but that he asked trial counsel to make a ten-year counter offer. According to Applicant, the D.A. told trial counsel within the hearing of Applicant that the minimum sentence applicable to the offense was ten years, and that a minimum sentence would not be offered. Applicant alleges that he agreed to the fifteen-year sentence believing incorrectly that ten years was the minimum applicable sentence. Applicant concedes that he was admonished as to the proper sentencing range by the trial court, but "was too intimidated to complain and had been pressured into making the plea agreement to begin with."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims by stating whether he performed pre-trial investigation, whether he advised Applicant of the true punishment range for the offense charged, and what advice, if any, he gave to Applicant with respect to pleading guilty or taking the case to trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant

knowingly and voluntarily entered his plea of guilty in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: September 17, 2014
Do not publish